STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
DANIEL C. KELLER (Bar No. 332576)
  DKeller@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN FITE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYSCO SACRAMENTO, INC., a Delaware Corporation; and DOES 1-50, inclusive;<br><br>Defendants. | Case No. 2:21-CV-01633-DAD-AC<br><br>**FIRST AMENDED CLASS ACTION**<br><br>**COMPLAINT FOR**:<br><br>  1. Violation of Unfair Competition Law, California Business & Professions Code §§ 17200, et seq.<br><br>DEMAND FOR JURY TRIAL |

FIRST AMENDED CLASS ACTION COMPLAINT

1

Plaintiff Glenn Fite (hereinafter "PLAINTIFF") brings this action against SYSCO SACRAMENTO, INC.; and DOES 1-50, inclusive (hereafter collectively "DEFENDANT"), and alleges upon information and belief which is based upon the investigation of his counsel, except as to the allegations concerning PLAINTIFF or his counsel which are made upon PLAINTIFF'S personal knowledge, as follows:

## I. NATURE OF THE ACTION

1. This is a wage and hour class action to vindicate the rights afforded employees by California labor law. This action is brought by PLAINTIFF for himself and on behalf of a Class of similarly situated individuals against SYSCO SACRAMENTO, INC. (hereinafter, "DEFENDANT") and DOES 1-50, inclusive.

2. The core of DEFENDANT'S violations revolves around the systematic failure to pay minimum wages and failure to provide lawful meal or rest breaks (or pay the statutory compensation due for such violations) in the State of California.

3. PLAINTIFF was employed as a "Warehouse Associate" at Defendant's Pleasant Grove, California distribution center during the relevant time period. In that capacity, PLAINTIFF was responsible for filling orders by selecting product from within the warehouse, assembling and packing orders, and scanning those packaged orders for distribution to DEFENDANT'S customers. PLAINTIFF was thus a non-exempt, hourly worker entitled to all benefits of employment under California law, including meal and rest breaks and minimum wages pursuant to, without limitation, Labor Code §§ 226.7, 512, 1194, 1197.1; Title 8 of the California Code of Regulations, § 11070; and Industrial Welfare Commission Wage Order No. 7, §§ 4, 11. PLAINTIFF seeks to represent all such Warehouse Associates, and others holding similar positions, employed by DEFENDANT within the State of California during the relevant time period (hereinafter, "Class Members").

4. During the relevant time period, PLAINTIFF and the Class Members were subject to common, company-wide minimum productivity and accuracy standards maintained by DEFENDANT. Their productivity was measured by the number of packages they processed/scanned, and the extent to which they made errors. These policies were common, uniform, and applied to PLAINTIFF and all Class Members equally throughout the company.

These policies were distributed to PLAINTIFF and all Class Members, and were entitled, without limitation, "PHASE-IN SCHEDULES," "LABOR MANAGEMENT MINIMUM PERFORMANCE STANDARDS," and "WEEKLY ERROR RATIO POLICY." Upon receipt of these policies, PLAINTIFF and Class Members were required to acknowledge their receipt thereof by signing and dating acknowledgements.

5. PLAINTIFF and Class Members worked under the threat of discipline for failing to meet those productivity and/or accuracy standards, and were thus pressured to work off-the-clock and/or during meal and rest periods. DEFENDANT had constructive and/or actual knowledge of such unpaid work time since scans were being performed during periods when PLAINTIFF and Class Members were off-the-clock and/or during break periods, as reflected by the records maintained by DEFENDANT, including, without limitation, electronic records of scans of orders filled by PLAINTIFF and Class Members.[1]

6. As a result of these violations, DEFENDANT has also failed to pay all minimum wages due and owed to PLAINTIFF and Class Members under the express provisions of the California Labor Code, the IWC Wage Order(s), and the Code of Regulations.

7. DEFENDANT'S business practices are not isolated but impact a large number of workers who have worked for, currently work for, and will work for DEFENDANT in California, and as such, resolution of this issue will have large benefits for workers and the public as a whole.

8. PLAINTIFF also seeks declaratory relief enumerating DEFENDANT'S violations so that DEFENDANT and the general public will have clarity and guidance with regards to DEFENDANT'S future employment practices.

---

[1] As a result of these violations, Defendant also violated a host of other labor laws, related to failing to maintain accurate records of hours worked under Labor Code § 1174, failing to issue accurate itemized wage statements under Labor Code § 226, failing to pay overtime wages as required by Labor Code § 510, and failing to pay all wages due at termination under Labor Code § 203. Although these direct Labor Code claims are arguably time-barred, subject to LMRA preemption, and/or unrecoverable as restitution under the UCL, and thus not the subject of this litigation or alleged herein, Plaintiff nonetheless incorporates them into the statement of facts herein so as to provide a full and complete description of the nature of Defendant's violations.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under the diversity provisions of 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant, as PLAINTIFF is, and at all relevant times was, a citizen of the State of California, and DEFENDANT is a Delaware corporation with its corporate headquarters/principal place of business (i.e., their "nerve center" under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)) located in Houston, Texas.

10. This Court also has jurisdiction over this case under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code) because the amount in controversy exceeds $5,000,000 and, on information and belief, the putative Class comprises at least 100 individual members and no named plaintiff is a citizen of the same state as any defendant.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as all or a substantial part of the events or omissions giving rise to the claim occurred within Sacramento County, California, within the Eastern District of California.

## INTRODUCTION

12. This is a wage and hour action to vindicate the rights afforded to PLAINTIFF and the CLASS by the California Labor Code, IWC Wage Order(s), and/or California Code of Regulations, through the California Business & Professions Code. PLAINTIFF was employed as a non-exempt employee for DEFENDANT. The action seeks recovery for wages and compensation due and other related remedies for PLAINTIFF under California law for the maximum period prior to filing this complaint to the present as set out below.

13. The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that is a characteristic of the labor system utilized by DEFENDANT, where unpaid and improperly paid labor, as alleged herein, is a common business practice, and where the employer externalizes the cost of capital expenditures upon DEFENDANT'S employees. DEFENDANT'S actions in this case demonstrate a systematic disregard for the rights afforded to

PLAINTIFF under California wage and hour law. The following paragraphs detail specific violations of law comprising these wage-related claims.

14. During the past four years DEFENDANT consistently maintained and enforced against Class Members, including PLAINTIFF, the following common, uniform, company-wide unlawful practices and policies (i.e., in the form of warehouse worker productivity/accuracy standards), in violation of California wage and hour laws:

    a. failing to provide Class Members, including PLAINTIFF, rest periods of at least (10) minutes per four (4) hours worked, or major fraction thereof, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period was not provided, in violation of California law;

    b. requiring Class Members, including PLAINTIFF, to work at least five (5) hours without a full, thirty-minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law;

    c. failing to properly pay PLAINTIFF and the Class minimum wages as defined by the IWC Wage Order(s);

15. Pursuant to the California Labor Code, PLAINTIFF and the Class seek unpaid minimum wages, unpaid meal and rest period compensation, declaratory relief, interest, reasonable attorneys' fees, and costs of suit.

16. Pursuant to Business and Professions Code §§ 17200, et seq., PLAINTIFF also seeks declaratory relief, restitution, and restitutionary disgorgement of all wages earned but retained by DEFENDANT as a result of its failure to comply with the above laws.

17. PLAINTIFF is also entitled to attorneys' fees pursuant to, without limitation California Code of Civil Procedure § 1021.5, because this action will result in the enforcement of an important right affecting the public interest and on behalf of a large class of persons. That is, this action is brought to enforce an employer's compliance with minimum wage law and minimum

labor standards relating to meal and rest breaks.

## PARTIES

### *PLAINTIFF*

18. The named PLAINTIFF is, and at all relevant times was, a resident of California. He was employed as a non-exempt employee by DEFENDANT in and around the County of Sacramento during the relevant time period. Specifically, Plaintiff worked for Defendant from in or about September, 2017 to March, 2018. PLAINTIFF has been subjected to the violations and unlawful employment practices described herein and, as a result, has suffered injury in fact and has lost money or property in the form of unpaid wages for off-the-clock work and unpaid premium wages for meal and rest break violations (that is, when Defendant's common policies relating to productivity/accuracy standards unlawfully required PLAINTIFF to work during meal and rest breaks in order to avoid discipline).

19. At all relevant times herein, PLAINTIFF was employed by DEFENDANT and, on information and belief, DEFENDANT is an enterprise engaged in commerce, in and around Sacramento County, California. DEFENDANT employed PLAINTIFF as non-exempt employee. PLAINTIFF was hired pursuant to written or implied contracts of employment entered into in Sacramento County.

20. As DEFENDANT'S non-exempt employee, PLAINTIFF was regularly subjected to, or had personal knowledge of, the violations described in the Complaint, however, many allegations are made upon his attorneys' investigation and are, therefore, made on information and belief.

### *DEFENDANTS*

21. On information and belief, SYSCO SACRAMENTO, INC., is a Delaware Corporation located in Pleasant Grove, California, with its principal place of business is Houston, Texas. At all relevant times, SYSCO SACRAMENTO, INC. employed PLAINTIFF and other Class Members as non-exempt employees to perform distribution duties in and around northern California.

22. PLAINTIFF is informed and believes, and based thereon alleges, that SYSCO

SACRAMENTO, INC. and its subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas," or agents carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of these persons are legally attributable to DEFENDANT.

23. Whenever reference is made in this Complaint to any act of the named defendants, such allegation shall be deemed to mean that the named defendants, and their employees, agents, officers, directors and representatives did or authorized such acts while actively engaged in the management, direction, or control of the affairs of said defendants and while acting within the scope and course of their duties.

24. Whenever reference is made in this Complaint to any act of SYSCO SACRAMENTO, INC. or any act of all or any of the other named defendants, which are wholly-owned subsidiaries of SYSCO SACRAMENTO, INC., such allegation shall be deemed to mean that each defendant acted individually and jointly with all the other named defendants and engaged in or caused the violations of law hereinafter alleged as if they were specifically named in such allegation.

## FACTUAL BACKGROUND

25. PLAINTIFF incorporates into this section each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

26. DEFENDANT operated and, at all relevant times herein, has conducted business, including the operation of distribution facilities within California. On information and belief, DEFENDANT has employed hundreds of persons, if not thousands of persons, in the State of California.

27. During the Class Period DEFENDANT consistently maintained and enforced against its non-exempt employees, including PLAINTIFF and the Class, the following unlawful practices and policies, in violation of California state wage and hour laws:

   a. failing to properly pay PLAINTIFF and the Class minimum wages for all hours worked;

b. failing to provide PLAINTIFF and the Class, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

c. requiring PLAINTIFF and the Class, to work at least five (5) hours without a full and complete meal period (or 10 hours without a second full and complete meal period) and failing to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the proper meal period is not provided.

28. On information and belief, DEFENDANT was on actual and constructive notice of the improprieties alleged herein by PLAINTIFF and intentionally refused to rectify its unlawful policies by paying wages for the off-the-clock work reflected in its records and performed during purported meal and rest break periods. DEFENDANT'S violations, as alleged above, were knowing, willful and deliberate.

## II. CLASS ACTION ALLEGATIONS

29. PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. PLAINTIFF seeks to represent the following Class composed of and defined as follows:

> All warehouse order selectors (excluding delivery drivers) who are/were employed by SYSCO SACRAMENTO, INC. in the State of California who, within four (4) years of the filing of the original complaint in this case, have worked as hourly non-exempt employees and whose timekeeping records, payroll records, and records of scanned orders/packages show work conducted off-the-clock and/or meal/rest break violations for which compensation was not provided.

30. PLAINTIFF reserves the right to amend or modify the class description with greater specificity or further division into subclasses, as well as to limit the class or subclasses to particular issues, as warranted.

31. This action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable by means of DEFENDANT'S records.

## A. Numerosity

32. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, PLAINTIFF is informed and believes that DEFENDANT has employed hundreds if not thousands of non-exempt workers in the State of California and who are, or have been, affected by DEFENDANT'S unlawful practices as alleged herein. This case easily meets the numerosity threshold in the Ninth Circuit, because it is reasonable to conclude that the number of members is greater than 40. *See Rannis v. Recchia*, 380 Fed.Appx 646, 651 (9th Cir. 2010).

33. Upon information and belief, PLAINTIFF alleges that DEFENDANT'S employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

## B. Commonality

34. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    b. Whether DEFENDANT violated the California Labor Code and Wage Orders by failing to pay PLAINTIFF and the Class at least the minimum wage for all hours worked;

    c. whether DEFENDANT failed to permit rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided;

    d. whether DEFENDANT failed to provide a full and complete meal period during each period of five (5) hour work completed and failed to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided;

    i. Whether DEFENDANT committed unfair, unlawful, and/or fraudulent business practices in violation of §§ 17200 *et seq.* of the Business & Professions Code by the above practices and other violations of the California Labor Code;

j. Whether DEFENDANT committed unfair business practices in violation of §§ 17200 *et seq.* of the Business and Professions Code by violating the public policies underlying the California Labor Code and/or wage orders; and

k. Whether DEFENDANT improperly converted employees labor or monies for the use of DEFENDANT.

### C. Typicality

35. The claims of the named PLAINTIFF are typical of the claims of the Class. PLAINTIFF and all members of the Class sustained injuries and damages arising out of and caused by DEFENDANT'S common course of conduct in violation of California laws, regulations, and public policy as alleged herein.

### D. Adequacy of Representation

36. PLAINTIFF will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents PLAINTIFF are competent and experienced in litigating large employment class actions.

### E. Superiority of Class Action

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANT'S unlawful policy and/or practice of failing to compensate Class Members for all wages earned and due and engaging in the other unlawful practices herein complained of.

38. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFF is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

# FIRST CLAIM FOR RELIEF

# VIOLATION OF UNFAIR COMPETITION LAW

# (BUS. & PROF. Code §§ 17200, et seq.)

39. PLAINTIFF incorporates into this claim for relief each and every allegation of the preceding paragraphs as though fully set forth herein.

40. On information and belief, by its policies described above, DEFENDANT engaged in unlawful activity prohibited by Business and Professions Code §§ 17200, et seq. The actions of DEFENDANT as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business & Professions Code §§ 17200, et seq. As described herein, PLAINTIFF and the Class have suffered injury in fact and have lost money or property as a result of DEFENDANT'S violation of §§ 17200, et seq., and the underlying violations as described in this complaint.

41. PLAINTIFF is entitled equitable relief, including declaratory relief and restitution, against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

42. As a direct and proximate result of the unfair and unlawful business practices of DEFENDANT, PLAINTIFF is entitled to equitable relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFF as a result of the business acts and practices described herein and enjoining DEFENDANT to cease and desist from engaging in the practices described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For compensatory damages in an amount according to proof with interest thereon;

2. For economic and/or special damages in an amount according to proof with interest thereon;

3. For a declaratory judgment that DEFENDANT violated the rights of PLAINTIFF and the Class under the California Labor Code, and applicable Wage Orders as set forth in the preceding paragraphs;

4. For an award to PLAINTIFF and the Class of statutory damages or, in the alternative, actual damages for DEFENDANT'S violations of the California Labor Code, IWC Wage Orders, and/or Code of Regulations;

6. That DEFENDANT be found to have engaged in unfair, unlawful, and fraudulent competition in violation of California Business and Professions Code §§ 17200, et seq.;

7. That DEFENDANT be ordered and enjoined to make restitution to PLAINTIFF and the Class due to its unfair competition, including restitutionary disgorgement of its wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

9. For premium wages pursuant to Labor Code §§ 226 and 226.7;

11. For minimum wages pursuant to Labor Code §§1197, 1194(a), 1194.2, and the Wage Orders;

15. For attorneys' fees, interests, and costs of suit pursuant to the private attorney general provisions of California Code of Civil Procedure § 1021.5.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of his claims and those of the Class by jury to the extent authorized by law.

MALLISON & MARTINEZ

Date: January 11, 2023      By:      /s/ Dan Keller
                                    Stan S. Mallison
                                    Hector R. Martinez
                                    Daniel C. Keller